

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>GERALD BATES,<br><br>Petitioner<br><br>v.<br><br>DONALD A. HULICK,<br><br>Respondent. | No. 03 C 8186<br>Judge Wayne R. Andersen |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the petition of Gerald Bates for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, we deny the petition.

## BACKGROUND

For purposes of federal habeas review, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we adopt the facts set forth in the orders of the Illinois Appellate Court affirming petitioner's conviction as our own. *See People v. Bates*, No. 1-98-1968 (1st Dist. Feb. 24, 2000)(unpublished order); *People v. Bates*, No. 1-01-1436 (1st Dist. June 4, 2003)(unpublished order).

On January 30, 1998, in the Circuit Court of Cook County, Bates was convicted of one count of first-degree felony murder and one count of attempted armed robbery in violation of 720 ILCS 5/9-1(a)(3) and 720 ILCS 5/8-4 and 5/18-2, respectively. The evidence presented at trial established that Bates, along with an accomplice, participated in the stabbing and beating death of Naina Gheewala during an attempted robbery. The murder took place while Gheewala's

1

three-year-old daughter waited in her nearby car.

On the morning following the murder, Bates and an accomplice, both minors at the time, were brought to the Park Forest Police Department to be questioned in reference to Gheewala's murder. The minors were separated at the police station for interrogation purposes. After three rounds of questioning, Bates admitted his involvement in the crime. His confession occurred before he had the opportunity to consult either his parents or a lawyer. At trial, Bates' confession was admitted into evidence. Following his convictions, the trial judge sentenced Bates to a prison term of 58 years. (Rule 5 Exhibits, Ex. A.)

Bates appealed his conviction to the Illinois Appellate Court. In his appeal, he argued the police lacked probable cause to detain him and his inculpatory statements should have been suppressed. He also argued his statements were inadmissible because he was not accompanied by a parent or juvenile officer during police questioning. On February 24, 2000, the Illinois Appellate Court affirmed Bates' conviction. *People v. Bates*, No. 1-98-1968 (1st Dist. Feb. 24, 2000)(unpublished order). Following the Appellate Court's decision to affirm, Bates filed a petition for leave to appeal to the Illinois Supreme Court raising the same claims he had raised in his direct appeal. On May 31, 2000, the Illinois Supreme Court denied his petition. *People v. Bates*, 731 N.E.2d 765 (Ill. 2000).

On December 19, 2000, Bates again challenged his conviction by filing a post-conviction petition in the Circuit Court of Cook County. In that petition, Bates argued, *inter alia*, that (1) his trial attorney had pressured him not to testify on his behalf; (2) he had been detained without probable cause; (3) he had not been informed that any officers present were youth officers; (4) the police did not immediately call his parents; (5) he confessed only because he wanted to go

home; and (6) appellate counsel was ineffective for refusing to raise various issues on appeal. On March 13, 2001, the Circuit Court of Cook County denied the post-conviction petition. (Rule 5 Exhibits, Ex. E.)

On March 30, 2001, Bates appealed the dismissal of his post-conviction petition to the Illinois Appellate Court. In that appeal, he restated his claim that he had been coerced into giving up his right to testify and argued, for the first time, that his appellate counsel on direct appeal had been ineffective for failing to argue his sentence of 58 years was excessive. On June 4, 2003, the Illinois Appellate Court affirmed the Circuit Court's denial and found, *inter alia*, that Bates's challenge to his appellate counsel's representation had been waived as the issue had not been raised in his original post-conviction petition. (*Id.*, Ex. I.)

On July 25, 2003, Bates filed a petition for leave to appeal the Illinois Appellate Court's decision with the Illinois Supreme Court. The single issue raised by the petition was whether fundamental fairness could serve as an exception to the rule that claims not raised in an original or amended post-conviction petition are waived for purposes of appellate review. The Illinois Supreme Court denied the petition on October 7, 2003. (*Id.*, Ex. J.)

On November 14, 2003, Bates filed a *pro se* petition for a writ of habeas corpus in this Court raising four claims. In the first claim, he alleges his arrest constituted a violation of his rights under the Fourth Amendment. On May 3, 2004, however, Bates petitioned this Court for leave to dismiss the first claim, which we now grant. (*See* Reply Brief for Pet'r, at 1.) In the remaining claims, Bates alleges: (1) a violation of his Fifth Amendment rights as his confession should have been suppressed because he was interrogated without benefit of a parent, guardian, or lawyer present; (2) ineffective assistance of counsel because his trial counsel allegedly

coerced him not to testify at trial; (3) ineffective assistance of appellate counsel on direct appeal because counsel did not raise the issue that his sentence was excessive.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). The federal courts may not grant habeas relief under § 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state court; and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A petitioner may exhaust his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). In this case, exhaustion is not an issue. Petitioner has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his convictions. We turn now to the issue of procedural default.

## I.     Procedural Default

The procedural default hurdle forbids federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs when the petitioner fails to present a claim to the state court at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). Illinois law provides for a two-tiered appellate review process, including (1) the right to a direct appeal by the Illinois Appellate Court and (2) the option of petitioning the Illinois Supreme Court for leave to appeal the appellate court's ruling. Ill. Sup. Ct. Rule 603; *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999)(discussing the Illinois appellate review process). To preserve a claim for federal habeas review, the petitioner must provide the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. In Illinois, one complete round is finished once a petitioner has presented the habeas claims, whether on direct appeal or on post-conviction appeal, at each stage of the appellate process, up through and including the Illinois Supreme Court. *See id.* at 847-48; *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

In this case, Bates has procedurally defaulted on all three of the remaining claims in his habeas petition. In the first claim, he argues his confession should have been suppressed because it was given in the absence of a parent, attorney, or other interested adult. He raised this claim on direct appeal to the Illinois Appellate Court, which determined he had waived his right to appellate review by not having raised this issue in his post-trial motion. *People v. Bates*, No. 1-98-1968, at 6 (1st Dist. Feb. 24, 2000)(unpublished order). Under Illinois law, waiver is both an independent and adequate state court ground upon which to deny a claim on appeal. *Wright v. Walls*, 288 F.3d 937, 944 (7th Cir. 2002). A state procedural default serves as an impediment to habeas review. *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003). Therefore, Bates has procedurally defaulted on claim one.

In his second claim, Bates argues he was deprived of due process because his trial counsel coerced him not to testify. This claim is also procedurally defaulted because, while Bates raised it in his post-conviction petition to the Illinois Appellate Court, he failed to raise the issue to the Illinois Supreme Court when he appealed the dismissal of his post-conviction petition. As noted earlier, to preserve claims for habeas review, a habeas petitioner is required to have raised all of his claims to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 843. Accordingly, Bates has procedurally defaulted on claim two.

Finally, in the third claim, Bates argues his appellate counsel was ineffective on direct appeal for not arguing that petitioner's sentence was excessive. He raised this claim when he appealed the dismissal of his post-conviction petition to the Illinois Appellate Court but failed to raise it in his initial post-conviction petition with the Circuit Court of Cook County. The Illinois Appellate Court thus determined that, by this failure, petitioner had waived the issue. *People v.*

*Bates*, No. 1-01-1436, at 6 (1st Dist. June 4, 2003)(unpublished order) Additionally, Bates did not argue this claim when he appealed the dismissal of his post-conviction petition to the Illinois Supreme Court. (Rule 5 Exhibits, Ex. J.) The Illinois courts were thus not afforded "one complete round" to resolve these issues. *O'Sullivan*, 526 U.S. at 845. Therefore, Bates' third claim is also procedurally defaulted.

A federal court may nonetheless address the merits of a procedurally defaulted claim if the petitioner can establish cause and prejudice that would excuse the default or, alternatively, establish that the circumstances fit within the miscarriage of justice exception to the cause and prejudice rule. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Beginning with the cause and prejudice standard, the Supreme Court has interpreted "cause" under this test to be something external to the petitioner which is both beyond his control and which cannot be fairly attributed to him. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In order to establish prejudice, the petitioner "must show not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Under the facts present in this case, Bates cannot avail himself of the cause and prejudice exceptions. He has failed to show any cause for his failure to raise his claims on appeal to the Illinois Supreme Court, such as interference by officials or the unavailability of the factual or legal basis of the claim. Moreover, Bates has failed to establish prejudice because he has not shown how the alleged errors were of constitutional dimensions.

Although Bates has failed to establish cause and prejudice to excuse his procedural default, he can still overcome this forfeiture by showing that he fits within the "miscarriage of

7

justice" exception. This exception is limited to those extraordinary cases in which a petitioner is actually innocent of the crime for which he is imprisoned. *Bell v. Plerson*, 267 F.3d 544, 551 (7th Cir. 2001). Therefore, it requires a colorable claim of actual innocence, as opposed to legal innocence, coupled with an allegation of a constitutional claim. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992). The miscarriage of justice exception applies only if the petitioner can demonstrate that it is more likely than not that no reasonable jury would have convicted him in the absence of the alleged defect in the state court proceedings. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Having carefully reviewed the facts of his case, there is no colorable claim of actual innocence to satisfy the miscarriage of justice requirement. The evidence presented at trial established that, in attempting to rob Gheewala, Bates and an accomplice stabbed and beat her to death. The brutal murder took place while the victim's three-year-old daughter waited in her nearby car. Moreover, Bates confessed to the crime. The record in this case establishes that there has been no miscarriage of justice. Accordingly, Bates' claims are not saved by the miscarriage of justice exception, and the claims in his habeas petition are procedurally defaulted.

## II. Merits of the Claims

Even though Bates' claims are procedurally defaulted, we nonetheless address the merits of his claims as if they were not barred.

Section 2254 governs the consideration of any claim adjudicated by a state court on its merits. Under the statute, we may grant habeas relief only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under

subsection (d)(2), habeas relief is possible if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court attempted to clarify the applicable standard of review within the meaning of § 2254. The Court noted that the statute does not explicitly prescribe a recognizable standard of review for applying either of the statutory clauses. *Id.* at 385. Recognizing the need for further clarification and direction to lower courts, the Court concluded that the "[the statute] plainly sought to ensure a level of deference to the determinations of state courts, as long as those decisions do not conflict with federal law or apply federal law in an unreasonable way." *Id.* at 376. Additionally, the Court determined that, in passing the statute, "Congress wished to curb delays, to prevent retrials on federal habeas petitions and to give effect to state convictions to the extent possible under the law. When federal courts are able to fulfill these goals within the bounds of the law, [the statute] instructs them to do so." *Id.* Therefore, this Court is directed to apply a deferential review of state court decisions unless it determines that the state court violated federal law.

A.   **Suppression of Petitioner's Confession**

In his habeas petition, Bates first alleges that his inculpatory statements were given involuntarily and should have been suppressed at trial. The Supreme Court has established that the voluntariness of a confession, whether given by an adult or a minor, is to be assessed in light of the "totality of the circumstances" surrounding the confession. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Fare v. Michael C.*, 442 U.S. 707, 725 (1979); *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002)(reversing the district court grant of a writ of habeas

9

corpus because the Illinois state courts had considered the totality of the circumstances and determined that a 14-year-old petitioner's confession was given voluntarily, despite his age and the absence of a "friendly adult"). When considering a confession made by a minor, federal courts have determined that the "totality of the circumstances" requires an examination of the minor's age, experience, background, education, and intelligence as well as the circumstances in which the confession was given. *See Fare*, 442 U.S. at 725; *Hardaway*, 302 F.3d at 762. While great weight has been accorded to factors such as the age of the minor and whether or not an interested adult was present at the time the minor confessed, those elements of circumstance are not necessarily dispositive in determining the voluntariness of the confession. *See Hardaway*, 302 F.3d at 764-65. Rather, all relevant factors, including the manner in which the minor was treated during the police interrogation, the minor's understanding of his rights when he made his confession, and his mental capacity must be considered. *See Hardaway*, 302 F.3d at 767-68. Once the state trial and appellate courts have conclusively determined the voluntariness of a confession, a federal court may upset the decision only by finding that the determination was unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Hardaway* 302 F.3d at 766-67.

In this case, Bates argues the police department delayed in notifying his parents of his interrogation, and therefore, because there was no interested adult present when he gave his confession, the confession should have been suppressed at trial. It is clear, however, that the state courts properly assessed the "totality of the circumstances" surrounding Bates' confession. The record reflects that Bates was given his Miranda rights before he made his confession and understood these rights. Additionally, there is no evidence that Bates was mistreated by police interrogators. He was not handcuffed, photographed, or fingerprinted, and was provided both

food and drink. He also confessed within a half hour of his arrival at the police station, suggesting there was no grueling, prolonged period of interrogation. While we recognize that Bates was merely fifteen when he confessed, this fact alone does not make his confession involuntary. Thus, because the trial court considered the totality of the circumstances when assessing the voluntariness of Bates' confession, and its conclusion was reasonable, we have no reason to upset the decision of the state courts that Bates' confession was voluntary and properly admitted at trial.

## B.    Fifth Amendment Right to Testify

Bates alleges in his second claim for habeas relief that he was denied his right to testify as a witness by his trial counsel. A criminal defendant has a federal constitutional right to testify on his own behalf under the Fifth Amendment's Due Process Clause. *Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987); *Morgan v. Krenke*, 232 F.3d 562, 569 (7th Cir. 2000). For purposes of state criminal proceedings, the right to testify arises out of the Fourteenth Amendment's Due Process Clause. U.S. Const. Amend. XIV ("[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."). The right to take the stand on one's own behalf is personal to the defendant, which means that it can only be waived by the defendant himself, and not by his counsel. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

A defendant's direct answer to a trial court's colloquy constitutes a knowing and intelligent waiver. *See United States v. Manjarrez*, 258 F.3d 618, 623-24 (7th Cir. 2001)(citing *Lee v. Murphy*, 41 F.3d 311, 315 (7th Cir. 1994)). Federal courts have held, however, that when a defendant's attorney makes a tactical decision not to have his client testify and the court was not alerted by the defendant of his desire to testify, "[t]o hold that a defendant may abide by his

11

lawyer's advice and not take the stand and then invalidate the trial because he so acted is not fair to the government." *United States v. Edwards*, 897 F.2d 445, 446 (9th Cir. 1990).

In this case, Bates engaged in a colloquy with the trial judge regarding his constitutional right to testify. The trial record reveals the following:

> THE COURT: Just one thing. Mr. Bates, your lawyer has told me that you did not wish to testify in this matter. It is your constitutional right. You have the right to remain silent or you have the right to testify in this matter. It is a decision that you and you alone can make or are to make. You can do it upon the advice of your attorney. Do you understand that?
>
> MR. BATES: Yes.
>
> THE COURT: Do you have any questions about that?
>
> MR. BATES: No.
>
> THE COURT: Do you wish to testify in this matter?
>
> MR. BATES: No.

*People v. Bates*, No. 1-01-1436, at 2 (1st Dist. June 4, 2003)(unpublished order).

The trial record thus reflects that Bates understood his constitutional right to testify and confirmed his decision to not testify at trial. Moreover, as noted in the opinion of the Circuit Court of Cook County denying Bates' post-conviction petition, even if trial counsel had advised Bates not to testify, such advice was not improper. Trial counsel had seen Bates testify during the earlier suppression hearing and could weigh the advantages and disadvantages of testifying. (Rule 5 Exhibits, Ex. E, *People v. Bates*, 93 CR 17330, at 2 (Mar. 13, 2001).) Because Bates answered the trial court's colloquy with clear intent to not testify on his behalf, and because his counsel was not deficient in providing Bates advice in making this decision, we deny his request for habeas relief on this claim.

12

## C. Failure to Raise Excessive Sentence Argument on Direct Appeal

In the third remaining claim, Bates argues his sentence of 58 years is excessive and that his appellate counsel should have raised this issue on appeal. Federal courts have generally declined to grant federal habeas relief of a sentence imposed by a trial court as long as the sentence falls within the statutory sentencing range. *See United States ex rel. Ruvalcaba v. Jaimet*, No. 01 C 0200, 2004 WL 42463, at *17 (N.D. Ill. Jan. 6, 2004), citing *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000). "[C]hallenges to sentences within statutory limits, in the absence of evidence that the trial court lacked jurisdiction to impose it or that the conviction itself was unconstitutional, are simply not cognizable on habeas review." *United States ex. rel. King v. Chahill-Maching*, 169 F. Supp. 2d 849, 855 (N.D.Ill. 2001), citing *United States v. Addonizio*, 442 U.S. 178, 186 (1979).

A defendant convicted of first-degree murder in Illinois may be sentenced to twenty to sixty years in prison. 730 ILCS 5/5-8-1(a)(1)(a). However, the trial court could sentence a defendant beyond the maximum if it found him eligible for an extended-term sentence under section 5-5-3.2. 730 ILCS 5/5-5-3.2 (West 2000). An extended term for first-degree murder has a sentencing range of 60 to 100 years. 730 ILCS 5/5-8-2(a)(1) (West 2000). In this case, the record establishes that the trial court considered both aggravating and mitigating factors, such as Bates' age and rehabilitative potential and that he had no prior convictions on his record. The trial court nonetheless handed down a 58 year sentence due to the violent nature of the crime. Because Bates' sentence falls well within the statutory range for first-degree murder in Illinois, his claim of an excessive sentence is not appropriate for federal habeas relief.

As for Bates' claim that his appellate counsel was ineffective for failing to raise the issue of an excessive sentence on direct appeal, counsel is ineffective only if his performance falls

13

below the norms of the profession and causes prejudice. *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice means a "reasonable probability that, but for counsel's unprofessional errors, the result of the [appeal] would have been different." *Strickland*, 466 U.S. at 687. In this case, Bates has not argued that his appellate counsel failed to advocate his cause skillfully on direct appeal. He argues, instead, that counsel left out the issue of his allegedly excessive sentence. The Supreme Court has held that appellate counsel need not raise all possible claims of error. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "One of the principal functions of appellate counsel is winnowing the potential claims so that the court may focus on those with the best prospects. Defendants need dedicated, skillful appellate counsel, not routineers who present every non-frivolous claim." *Page*, 884 F.2d at 302.

Indeed, Bates believes now that his claim is non-frivolous and we believe he is sincere in this belief. However, as the Illinois Appellate Court noted in reviewing this claim of an excessive sentence, Bates failed to raise the issue in his *pro se* post-conviction petition in the Circuit Court of Cook County. *People v. Bates*, No. 1-01-1436, at 6 (1st Dist. June 4, 2003)(unpublished order). If the excessive sentence argument was clearly a winning issue on appeal, Bates would have raised it himself. Because Bates failed to raise the issue in his *pro se* post-conviction petition, this Court cannot find his counsel deficient for failing to raise an issue that even the petitioner himself had overlooked. We cannot conclude, therefore, that his appellate counsel was ineffective or that the result of his direct appeal would have been any different had his counsel raised the issue on direct appeal. Thus, we have no reason to upset the decision of the state court and, accordingly, we deny Bates' request for habeas relief.

## CONCLUSION

For all of the foregoing reasons, we deny Bates' § 2254 petition for a writ of habeas corpus [docket # 1-1]. It is so ordered.

Wayne R. Andersen<br>
United States District Judge

Dated: August 24, 2005